702 So.2d 677 (1997)
In re NEW ORLEANS TRAIN CAR LEAKAGE FIRE LITIGATION.
No. 97-CC-2547.
Supreme Court of Louisiana.
October 31, 1997.
PER CURIAM.[*]
This case arises from the tank car leakage and fire in September of 1987. A class of approximately 8,000 plaintiffs filed suit against a number of defendants, seeking to recover for property damage, physical injuries, inconvenience, evacuation, fear and fright. Phase I of the case resulted in a trial including twenty plaintiffs. On September 9, 1997, the jury returned verdicts in favor of all 20 Phase I plaintiffs for compensatory *678 damages totalling $2 million, and assigned fault shares to each of the nine defendants. The jury also found five of the defendants liable for punitive damages. In Phase II, the jury awarded punitive damages totalling over $3 billion.
On September 25, 1997, the trial court signed a judgment on the jury verdict, awarding compensatory damages to the 20 Phase I plaintiffs and punitive damages "payable to class members who now or hereafter are awarded compensatory damages...." At the time of the signing of the judgment, all other claims for compensatory damages, as well as the apportionment of punitive damages, remained unresolved.
One of the defendants, CSX Transportation, Inc. ("CSX"), sought supervisory review in the court of appeal, contending that the awarding of damages prior to the adjudication of all liability issues was a violation of La.Code Civ.P. art. 593. 1 D. Upon the court of appeal's denial of that application, CSX filed an application for supervisory review in this court, and plaintiffs filed an opposition to that application.
At the time of this case, La.Code Civ.P. art. 593.1 D provided as follows:
The court may sign a judgment after trial of any separate issue or it may, in the interest of justice, withhold the signing of a judgment on any issue until all issues have been adjudicated. In no event shall the court sign any judgment awarding damages unless and until a judgment has been previously signed adjudicating all liability issues. [emphasis added].
The language of this article is clear and unambiguous. It requires that in no event shall the trial court sign a judgment awarding damages unless and until a judgment has been signed adjudicating all liability issues.
Plaintiffs suggest that the issue of liability for exemplary damages has been resolved, thus allowing the trial court to render a judgment on damages for this limited issue. However, such an interpretation would read out the phrase "all liability issues" as used in La.Code Civ.P. art. 593.1 D. Moreover, as CSX points out, such an incomplete judgment on compensatory damages would deprive the reviewing court of necessary evidence to determine the nature and extent of harm to the plaintiffs, one of the four factors necessary for review of a punitive damage award under Jordan v. Intercontinental Bulktank Corp., 621 So.2d 1141 (La.App. 1st Cir.), writ denied, 623 So.2d 1335 (La.1993), cert. denied, 510 U.S. 1094, 114 S.Ct. 926, 127 L.Ed.2d 219 (1994), since its liability to the majority of the plaintiffs has not yet been determined.
We conclude the trial court erred in rendering a judgment awarding damages prior to rendering a judgment adjudicating all liability issues. Accordingly, the judgment of the trial court dated September 25, 1997 is vacated and set aside, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.
KIMBALL, J., would deny writ until trial judge ruled on motions.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part 2, § 3.