hPER CURIAM. *
These consolidated applications arise from a train tank car leakage and fire that occurred in New Orleans in September of 1987. A class of approximately 8,000 plaintiffs filed suit against numerous defendants, seeking to recover both compensatory and exemplary damages. Pursuant to the case management order, the case was to be tried in several different phases.
In Phase I, plaintiffs and defendants selected a group composed of twenty plaintiffs.[1] On September 9, 1997, the jury returned verdicts in favor of all twenty Phase I plaintiffs for compensatory damages totaling approximately $2 million, and allocated fault shares among nine defendants. The jury also found five of the defendants liable for exemplary damages. In Phase II, the jury awarded punitive damages against the defendants totaling over $3 billion, allocating fault among the defendants in different percentages than assigned for compensatory damages.
On September 25, 1997, the trial court signed a judgment on the jury verdict, awarding compensatory damages to the twenty Phase I plaintiffs and punitive damages “payable to class members who now or hereafter are awarded compensatory damages. ...” At the time of the signing of the judgment, all other claims for compensatory damages, as well as the apportionment of punitive damages among the plaintiffs, remained unresolved.
One of the defendants, CSX Transportation, Inc. (“CSX”), applied for supervisory review of this judgment, requesting that this court vacate the punitive damages award. On October 31, 1997, we granted the writ and vacated the judgment of the trial court awarding damages. In re New Orleans Train Car Leakage, 97-2547 (La.10/31/97), 702 So.2d 677. Relying on La.Code Civ. RP. art. 593.1,[2] we concluded it was improper for the trial court to enter a judgment awarding exemplary damages to the entire class prior to adjudicating all liability issues.
Inasmuch as this court’s October 31, 1997 order left the Phase II jury verdict on punitive damages intact, defendant CSX moved the trial court to vacate that verdict. The trial court denied the motion, finding that *854 since the verdict was no longer incorporated in a judgment, no procedure was. then available to review the jury’s verdict.
Several other defendants (Phillips Petroleum Company, General American Transportation Corp., GATX Terminals Corp., and Mit-sui & Co. (U.S.A.), Inc.) filed a motion for the trial court to enter a judgment on compensatory damages for the twenty Phase I plaintiffs whose cases had already been tried. The trial court denied the motion, interpreting this court’s October 31 order as prohibiting the entry of any judgment on damages (compensatory or exemplary) until a judgment on the remaining liability issues has been signed.
Defendants sought supervisory review on both of these rulings. After the court of appeal denied relief, defendants applied to this court in the two consolidated applications presently under consideration. Plaintiffs also filed a motion seeking “clarification” of this court’s orders of October 31, 1997. After conducting oral arguments, we now grant both of defendants’ applications as well as plaintiffs’ motion for clarification.
The trial court’s rulings and the arguments of the parties demonstrate that there is considerable confusion over the scope of our October 31, 1997 order. The trial court has essentially interpreted our order as prohibiting the entry of any judgment on damages— compensatory or exemplary — until all issues of liability have been resolved. Defendants contend this interpretation deprives them of any opportunity to seek post-judgment or appellate review of the jury’s Phase I and Phase II verdicts until the entire case has been concluded.
The trial court misinterpreted our October 31, 1997 order. Our narrow focus in that order was that portion of the judgment awarding punitive damages to the entire class, which was the subject of defendants’ application. We did not mean to foreclose the trial court from rendering judgment on compensatory damages as to the twenty Phase I plaintiffs, as the liability of the ^defendants to these plaintiffs has been established.[3]
Likewise, liability for punitive damages, vis-a-vis the Phase I plaintiffs, has been established. We recognize the trial court faces a practical problem in apportioning exemplary damages for these twenty plaintiffs, since the jury’s Phase II verdict applies to all class members, not simply the twenty plaintiff for whom compensatory damages were awarded. This court has not yet addressed the review of an award of punitive damages to an entire class. However, given the size of this verdict and the length of time since its entry, as well as the length of this litigation over the 1987 incident, immediate review of this judgment would be beneficial for both sides. Under these unique circumstances, we authorize the trial court to enter judgment awarding a specific amount of punitive damages to these twenty plaintiffs by allocating to each an appropriate share of the punitive damages awarded by the jury.
Accordingly, we direct that the trial court designate the judgment on liability, allocation of fault and compensatory and punitive damages in favor of the twenty Phase I plaintiffs as final for purposes of post — trial motions and appellate review. This designation shall not prevent the trial court from proceeding with other aspects of the trial pursuant to the case management order.[4]
*855 DECREE
For the reasons assigned, the case is remanded to the trial court with instructions to enter judgment in favor of the twenty Phase I plaintiffs on the issue of liability, allocation of fault and damages, both compensatory and exemplary. This judgment shall be designated as a partial final judgment for purposes of post-trial motions and appellate review.

 Victory, J. not on panel. Rule IV,, Part II, § 3.

. Pursuant to the case management order, the defendants selected a group of ten plaintiffs and plaintiffs chose a group of ten plaintiffs whose claims would be heard in Phase I.

. La.Code Civ. P. art. 593.1 was repealed by Acts 1997, No. 839, which enacted new class action procedures. However, that act provided its provisions were applicable only to actions filed on and after its effective date of July 1, 1997. Since the instant case was filed prior to July 1, 1997, the old class action procedures applies.

. On reconsideration, we have some doubt that Article 593.1 (now repealed) was applicable at all, since all issues of the liability of the defendants apparently had been adjudicated by the trial court, although there are still causation issues to be decided as to the remaining plaintiffs.

. Defendants also filed a third application, 98-CC-2676, in which they objected to the trial court’s case management order providing for grouping of the plaintiffs for purposes of "mini trials.” Defendants contended it was unfair to proceed with these trials prior to an appeal of the Phase I trial. In light of our holding, we see no abuse of discretion in the trial court’s order, and accordingly are denying this , application contemporaneously with this judgment.
The parties have also raised questions over the standard under which the exemplary damage award should be reviewed. Despite certain dicta in our order of October 31, 1997, this court has not addressed by full opinion the issue of review of punitive damages to an entire class. Therefore, the reviewing court should not feel bound by any statements in our earlier per curiam opinions, but may consult the evolving jurisprudence on this issue, both in this state and nationwide.